DORIS M. CURTIS, Respondent, *v.* HERBERT EIDE, Appellant.

First Department, November 21, 1963.

*Solomon M. Cheser* of counsel (*Tell, Cheser, Werner & Breitbart,* attorneys), for appellant.

*Aaron J. Broder* of counsel (*John J. Gallione,* attorney), for respondent.

*Per Curiam.* Defendant appeals from a judgment in favor of the plaintiff after a jury trial in a personal injury action.

The plaintiff was injured as the result of a fall while employed as a domestic worker in the home of the defendant located in that part of Great Neck, New York, which is in an unincorporated area in the Township of North Hempstead, Long Island. The court charged that section 3 (subd. 1, Group 12) and also section 11 of the Workmen's Compensation Law applied. Section 3 (subd. 1, Group 12) obligates a homeowner employing domestics

for a minimum of 48 hours per week in cities and villages of 40,000 or more population to carry workmen's compensation. While section 11 provides that upon failure of such employer to carry compensation, the injured employee has an option to claim compensation under the law, or to maintain a common-law action in tort for damages, in such action the injured party need not plead or prove freedom from contributory negligence. The defendant took proper exception to the charge.

Therefore the question to be determined on this appeal is whether cities or villages as described in the afore-mentioned section 3 shall include townships having a population of 40,000 or more.

Historically, there has been a distinction in New York State between counties and towns on the one hand and cities and villages on the other. Towns and counties are involuntary subdivisions of the State created for the most part for convenience and for more expeditious State administration. Villages and cities are corporations organized by the voluntary action of local inhabitants and limited by statute or charter. (*County of Nassau* v. *Lincer,* 165 Misc. 909, revd. on other grounds 254 App. Div. 746; *Village of Kenmore* v. *County of Erie,* 252 N. Y. 437.)

Thus, section 2 of the Town Law defines a township as: " a municipal corporation comprising the inhabitants within its boundaries, and formed for the purpose of exercising such powers and discharging such duties of local government and administration of public affairs as have been, or may be conferred or imposed upon it by law."

The Legislature has always been careful to delineate the terms " city ", " village " and " town " when drafting statutes. They are employed as words of art. Thus the Workmen's Compensation Law (§ 50, subd. 4, par. b, prior to 1953 amdt.) referred to " county, town or political subdivision other than a city or a village." Section 50 (subd. 4, par. c) referred to employees of a " city or village ". The amendments of 1953 (L. 1953, ch. 755) *inter alia* extended the area of authorization for the securing of compensation.

Moreover, Reference Bulletin 20 of the Workmen's Compensation Board, dated December 6, 1946, in discussing eligibility under subdivision 1 of section 3 excludes mention of any town of a population of over 40,000. The construction given by those whose duty it is to enforce a statute should be given consideration. (*Grimmer* v. *Tenant House Dept. of City of N. Y.,* 205 N. Y. 549, 550.)

From the foregoing it is clear that the use of the words " cities " and " villages " as used by the Legislature in the

afore-mentioned statute is free from ambiguity and requires no further construction by the court as to their meaning. (*Matter of Roosevelt Raceway* v. *Monaghan,* 9 N Y 2d 293.) It must therefore be concluded that since the defendant does not reside in a city or village, the plaintiff is ineligible for workmen's compensation benefits and the statute is not applicable to free her from sustaining her burden of proof as to freedom from contributory negligence in a personal injury action. Accordingly, the charge was incorrect.

The judgment should be reversed, on the law, and a new trial ordered, with costs to abide the event.

BOTEIN, P. J., BREITEL, RABIN, STEVENS and EAGER, JJ., concur.

Judgment unanimously reversed, on the law, and a new trial ordered, with costs to abide the event.