■ JOSEPH SPOSE, JR., et al., Appellants, v RAGU FOODS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. POSTLER AND JAECKLE CONSTRUCTION, Third-Party Defendant-Respondent. Memorandum: Plaintiff Joseph Spose, Jr., was performing duct work at a warehouse construction site. As he was climbing a ladder, a rung broke and he sustained injuries when he fell to the ground. Labor Law § 240 (1) imposes absolute liability on an owner and contractor where an employee's injuries result from the failure to provide equipment for the protection of workers (*Bland v Manocherian,* 66 NY2d 452, 459; *Haimes v New York Tel. Co.,* 46 NY2d 132, 137; *Heath v Soloff Constr.,* 107 AD2d 507, 510). Comparative negligence on the part of the plaintiff is no defense to a cause of action under Labor Law § 240 (1) (*Bland v Manocherian, supra,* pp 460-461; *Rea v Elia Bldg. Co.,* 79 AD2d 1102). Therefore, the denial of plaintiff

Joseph Spose, Jr.'s motion for partial summary judgment was error.

Defendants argued and Special Term agreed that plaintiff wife is not entitled to summary judgment on her derivative cause of action under Labor Law § 240 (1) because questions of fact exist as to her husband's comparative negligence. That was error. A spouse's derivative claim is dependent upon the cause of action of the injured party. Here, since the injured husband's claim cannot be reduced for his own comparative negligence, the wife's derivative claim cannot be reduced for "[h]er right to recover is derived, both in a literal and legal sense, from the injur[ies] suffered by her spouse" *(Maidman v Stagg,* 82 AD2d 299, 305).

Finally, defendants argue, for the first time on this appeal, that plaintiff wife may not maintain a cause of action for loss of consortium based upon her husband's claim under Labor Law § 240 (1) because there is no statutory provision for such action. No case law has been cited to support such a position, and since the issue was not presented to the court below it is not a proper subject on this appeal. (Appeal from order of Supreme Court, Monroe County, Bergin, J.—partial summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Schnepp, JJ.