■ Margaret Curtin et al., Appellants, v Bowery Savings Bank, Respondent.—In an action to recover damages for the defendant's alleged unauthorized entry into a safe-deposit box that it had leased to the plaintiffs, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated April 6,

1988, as granted that branch of the defendant's motion which was to dismiss the second, fourth, sixth, eighth, tenth and twelfth causes of action to recover damages for emotional distress.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs allege in their complaint that the defendant bank, without authority, entered the safe-deposit box which the plaintiffs rented. The defendant alleges that the entry was authorized because of nonpayment of the rental fee. The complaint states 13 causes of action, including 6 causes of action to recover damages for emotional distress. The court granted those branches of the defendant's motion which were to dismiss those causes of action.

In order to sustain an action to recover damages for the intentional infliction of emotional harm, the plaintiffs "must show that the * * * bank committed an outrageous act and that the desire to cause plaintiffs emotional distress was more than incidental to proper business motives of the [bank]" *(O'Rourke v Pawling Sav. Bank,* 80 AD2d 847, *appeal dismissed* 54 NY2d 641). The actions of the defendant bank in this case were not outrageous so as to constitute the basis for an action sounding in the intentional infliction of emotional distress. Moreover, "[t]here is no cause of action for emotional distress and ensuing injury caused by observation or awareness of unintended damage to one's property" *(Stahli v McGlynn,* 47 AD2d 238, 240). Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.