■ CLIFFORD V. JENSEN et al., Respondents, v L. C. WHITFORD CO., INC., Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Defendant contends that Supreme Court erred in denying its motion for summary judgment dismissing the second, third, fourth and fifth causes of action of plaintiffs' complaint seeking to recover damages for emotional distress. Defendant asserts that the record contains no evidence of a traumatic event causing plaintiffs to fear for their safety nor does it contain evidence that plaintiffs were within the "zone of danger" contemplated by the rule enunciated in *Bovsun v Sanperi* (61 NY2d 219). We agree in part and, accordingly, grant summary judgment dismissing the fourth and fifth causes of action. The record lacks proof that plaintiff Irene Jensen suffered physical injury as a result of defendant's alleged negligence in reconstructing the roadway adjacent to her home. While physical injury is not a necessary component of a cause of action for the negligent infliction of emotional distress, recovery for such injury generally must be premised upon a breach of a duty owed directly to plaintiff which either endangered plaintiff's physical safety or caused plaintiff to fear for his or her own safety *(see, Lancelloti v Howard,* 155 AD2d 588, 589-590). Moreover, recovery may not be had for emotional distress caused by the negligent destruction of one's property *(see, Fowler v Town of Ticonderoga,* 131 AD2d 919, 921) nor for emotional distress caused by the observation of damage to one's property *(see, Curtin v Bowery Sav. Bank,* 150 AD2d 327, 328).

Additionally, this plaintiff may not recover for the emo-

tional distress she allegedly suffered solely in consequence of observing the deterioration of her husband's health *(see, Tebbutt v Virostek,* 65 NY2d 931, 932; *Bovsun v Sanperi, supra,* at 228-233).

The fifth cause of action, Clifford Jensen's derivative claim, must necessarily be dismissed inasmuch as it is dependent upon the claim of Irene Jensen asserted in the fourth cause of action *(see, Spose v Ragu Foods,* 124 AD2d 980, 981).

Supreme Court properly denied defendant's summary judgment motion seeking dismissal of the second and third causes of action. Contrary to defendant's claim, the second cause of action seeks recovery for both physical and emotional injuries alleged to have been sustained by Clifford Jensen as a result of defendant's alleged negligence. Numerous issues of fact exist which preclude the grant of summary judgment on this cause of action. Defendant is not entitled to summary judgment dismissing the third cause of action because it asserts a derivative claim on behalf of Irene Jensen, and, as such, is dependent upon the second cause of action of her spouse *(see, Spose v Ragu Foods, supra,* at 981). (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.