■ CORA STANLEY et al., Appellants, v ROBERT SMITH et al., Individually and as the Board of Directors of Sherman Terrace Cooperative, Inc., et al., Respondents. (Action No. 1.) CORA STANLEY et al., Appellants, v ROBERT SMITH et al., Individually and as the Board of Directors of Sherman Terrace Cooperative, Inc., et al., Respondents. (Action No. 2.) CORA STANLEY et al., Appellants, v CITY OF NEW YORK et al., Respondents. (Action No. 3.)—Order, Supreme Court, Bronx County (Anita Florio, J.), entered September 10, 1991, which

granted the defendants' motion for summary judgment dismissing the complaint, in the third action brought by the plaintiffs ("Action No. 3"), unanimously affirmed, without costs.

The IAS court correctly dismissed this third action brought by plaintiffs as barred by the doctrine of res judicata. All three actions, while asserting legal theories that differ in some respects, are predicated on the same set of facts, namely, the improper towing of the plaintiffs' vehicles from the cooperative garage owned by the defendants. The chief participants and parties in all three actions are the same, with the exception of the City of New York, dismissed by court order as the party-defendant in the second action. In the first action, a judgment has been entered in favor of plaintiffs directing defendants to return plaintiffs' automobiles and giving plaintiffs the right to bring a plenary action for incidental damages only.

It is well settled that once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking different remedies *(O'Brien v City of Syracuse,* 54 NY2d 353, 357).

In any event, apart from the doctrine of res judicata, this third action was properly dismissed for failure to state a cause of action for negligent or intentional infliction of emotional distress or for prima facie tort, since the conduct complained of was not so extreme and outrageous as to transcend the bounds of decency and be regarded as atrocious and intolerable in a civilized society *(Freihofer v Hearst Corp.,* 65 NY2d 135, 143). Furthermore, there is no allegation of special damages *(ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458) put forth with sufficient particularity to identify actual losses causally related to the alleged tortious acts *(Luciano v Handcock,* 78 AD2d 943, 944). Damages may not be recovered for mental distress caused by malicious or negligent destruction of personal property *(Fowler v Town of Ticonderoga,* 131 AD2d 919, 921; *cf., Curtin v Bowery Sav. Bank,* 150 AD2d 327).

Plaintiffs' argument based on Real Property Law § 223-b, entitled "Retaliation by landlord against tenant", cannot be entertained, since made for the first time on appeal, and is, in any event, without merit, since plaintiffs never claimed damages for a retaliatory eviction in any of the three actions, and there has never been a determination that the towing of their vehicles was a retaliatory eviction for their efforts to secure

rights under a lease *(compare, Kumble v Windsor Plaza Co.,* 161 AD2d 259, *lv denied* 76 NY2d 709). All that has been determined is that defendants' towing of plaintiffs' vehicles was in violation of Real Property Law § 232-a and RPAPL 711.

We have reviewed the plaintiffs' remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kassal and Rubin, JJ.