■ PATRICIA REUTER, Individually and as Mother and Guardian of KRISTEN REUTER, an Infant, Respondent, v RAY HAAG, Appellant. [639 NYS2d 697] —In an action to recover damages for medical malpractice, etc., the defendant appeals (1) from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 14, 1993, which granted the plaintiffs' motion to vacate an order dated July 28, 1993, dismissing the action, and thereupon to restore the action to the trial calendar, and (2) from stated portions of an order of the same court (Doyle, J.), dated April 5, 1994, which, *inter alia,* granted the plaintiffs' motion for leave to serve an amended bill of particulars.

ages for medical malpractice, the plaintiffs appeal from (1) a decision of the Supreme Court, Suffolk County (Leis, J.), dated August 11, 1994, which determined that the court did not have jurisdiction over the person of the defendant, and (2) an order of the same court, dated August 15, 1994, which, *inter alia*, denied the plaintiffs' motion for leave to serve a supplemental summons and amended complaint.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The Supreme Court properly denied the plaintiffs' motion for leave to serve a supplemental summons and amended complaint to add Ray Haag, M.D., P. C., as a party defendant. Although leave to serve a supplemental summons and amended complaint generally is freely given (*see,* CPLR 305, 3025 [b]), a court need not grant leave where the merit of the proposed amendment is plainly lacking (*see, Harrell v Champlain Enters.,* 222 AD2d 876; *Sabol & Rice v Poughkeepsie Galleria Co.,* 175 AD2d 555; *Bobrick v Bravstein,* 116 AD2d 682). Under the circumstances of this case, the proposed amendment is lacking in merit because the Statute of Limitations bars any claim against the new party (*see, Polizzano v Gothern Constr. Corp.,* 47 AD2d 48). It is uncontested that the named defendant in this case was never personally served with the summons and complaint and, consequently, the Supreme Court never acquired jurisdiction over his person (*see,* CPLR 308). Similarly, the service of the summons and complaint upon the defendant's receptionist was insufficient for the court to acquire jurisdiction over the professional corporation sought to be added herein because the corporation was not a named defendant at the time of service and, in any event, the receptionist was not authorized to accept service on behalf of the corporation under CPLR 311 (1).

Since the named defendant was never properly served, and the delivery of a copy of the summons and complaint to his receptionist was not good as against his professional corporation, the plaintiffs would be unable to invoke the relation-back doctrine pursuant to CPLR 203 (b) (1) to defeat a motion by the corporation to dismiss the action against it as barred by the Statute of Limitations (*see generally, Brock v Bua,* 83 AD2d 61, 69). In addition, contrary to the plaintiffs' contention, since the corporation was not properly and timely served with process under some misnomer, this is not a case in which an amend-

ment should be permitted so as to correct the name of the party defendant (*cf., Simpson v Kenston Warehousing Corp.,* 154 AD2d 526). Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.