■ PIERTRO ROMANO et al., Appellants, v ANTHONY DAMIANO et al., Respondents. [661 NYS2d 40] —In an action, *inter alia,* for injunctive relief pursuant to RPAPL 871, the plaintiffs

appeal from an order of the Supreme Court, Westchester County (Scarpino, J.), entered May 24, 1996, which denied their motion to amend the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court correctly denied the plaintiffs' motion to amend their complaint *(see,* CPLR 3025 [b]) to assert a claim under Town Law § 268 (2) since the basis for the amendment was patently lacking in merit *(see, McKiernan v McKiernan,* 207 AD2d 825; *Board of Mgrs. v Zucker,* 190 AD2d 636; *Rothfarb v Brookdale Hosp.,* 139 AD2d 720). Specifically, the plaintiffs, both residents of the City of Yonkers, where the subject parcels are situated, had no standing to seek relief under the Town Law since the City of Yonkers is governed by the General City Law *(see, Curtis v Eide,* 19 AD2d 507; McKinney's Cons Laws of NY, Book 1, Statutes §§ 76, 232). Furthermore, we reject their contention that the Town Law is applicable to the City of Yonkers by virtue of the fact that the General City Law does not contain a provision similar to Town Law § 268 (2) enabling private citizens to maintain an action to enjoin an alleged zoning violation *(see, Allen Avionics v Universal Broadcasting Corp.,* 118 AD2d 527, *affd* 69 NY2d 406). In any event, the plaintiffs also failed to satisfy the requirement that a proceeding under Town Law § 268 (2) be commenced by "any three taxpayers of the town" *(see, Guzzardi v Perry's Boats,* 92 AD2d 250). Thompson, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.