■ WALTER FERNANDEZ et al., Respondents, v SUFFOLK COUNTY WATER AUTHORITY, Defendant and Third-Party Plaintiff-Appellant-Respondent, and TANK INDUSTRY CONSULTANTS, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. KEYSTONE CONSTRUCTION CORP., Third-Party Defendant-Respondent. (And a Related Action.) [714 NYS2d 91] —In an action to recover damages for personal injuries, etc., (1) the defendant third-party plaintiff Suffolk County Water Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 15, 1999, as denied those branches of its cross motion which were (a) for summary judgment on its claims for common-law and contractual indemnification against the defendant third-party plaintiff Tank Industry Consultants, Inc., and the third-party defendant Keystone Construction Corp., (b) for summary judgment on its claim sounding in breach of contract against the third-party defendant Keystone Construction Corp., and (c) to dismiss the plaintiffs' demand for punitive damages and (2) the defendant third-party plaintiff Tank Industry Consultants, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its cross motion which were for (a) summary judgment dismissing the plaintiffs' claims pursuant to Labor Law §§ 200 and 240 and the plaintiffs' demand for punitive damages, (b) summary judgment on its claims for common-law and contractual indemnification against the defendant third-party plaintiff Suffolk County Water Authority and the third-party defendant Keystone Construction Corp., and (c) summary judgment on its claim sounding in breach of contract against Keystone Construction Corp.

Ordered that the appeal by Suffolk County Water Authority from so much of the order as denied that branch of its cross motion which was for summary judgment on its claim sounding in breach of contract against the third-party defendant Keystone Construction Corp. is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the appeal by Tank Industry Consultants, Inc., from so much of the order as denied that branch of its cross motion which was for summary judgment on its claim sounding in breach of contract against the third-party defendant Keystone Construction Corp. is dismissed as withdrawn without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the cross motions which were for summary judgment dismissing the plaintiffs' demand for punitive damages against the defendants third-party plaintiffs Suffolk County Water Authority and Tank Industry Consultants, Inc., and substituting therefor provisions granting those branches of the cross motions; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiffs commenced this personal injury action after Walter Fernandez, Nativo Urbina, and Loukas Papadopoulos, employees of Keystone Construction Corp. (hereinafter Keystone), were injured when the roof of a water tank owned by the defendant Suffolk County Water Authority (hereinafter SCWA) collapsed. Keystone was the general contractor, and the defendant Tank Industry Consultants, Inc. (hereinafter Tank) was the engineering consultant. SCWA and Tank commenced third-party actions against Keystone seeking, *inter alia*, common-law and contractual indemnification.

The Supreme Court erred in failing to dismiss the plaintiffs' demands for punitive damages against SCWA and Tank. Punitive damages are warranted where the conduct of the party being held liable evidences a high degree of moral culpability, is so flagrant as to transcend mere carelessness, or constitutes wilful or wanton negligence or recklessness (*see, Lee v Health Force,* 268 AD2d 564; *Rey v Park View Nursing Home,* 262 AD2d 624, 627). Here, the plaintiffs' allegations against SCWA and Tank do not rise to this level. Further, Public Authorities Law § 1077 (1) expressly states that the SCWA shall constitute a public benefit corporation (*cf., Gordon J. Phillips, Inc. v Maume,* 174 AD2d 986). Accordingly, SCWA is immune from claims for punitive damages (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R., Co.,* 70 NY2d 382).

Contrary to Tank's contentions, there are triable issues of fact as to the extent of its control and supervision over the work performed at the site, and whether it can be held liable for the plaintiffs' injuries (*cf., Giordano v Seeyle, Stevenson & Knight,* 216 AD2d 439; *Prado v Bowne & Sons,* 207 AD2d 875). Further, there are triable issues of fact precluding summary

judgment with respect to the claims for common-law and contractual indemnification (*see,* CPLR 3212 [b]). O'Brien, J. P., Thompson, Altman and Friedmann, JJ., concur.