■ JEROLD PROBST, Appellant, v JOHN CACOULIDIS et al., Respondents. [743 NYS2d 509] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated October 3, 2001, as, in effect, denied that branch of his motion which was for leave to serve and file an amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover for damage to his personal property allegedly caused by the defendants when, pursuant to an agreement, they moved his office furniture and contents to a new location. The plaintiff alleged that the defendants breached a lease and other subsequent agreements between the parties and unlawfully evicted him, and in the process, damaged his personal property and destroyed religious objects he had affixed to the walls.

The plaintiff later moved, inter alia, for leave to serve and file an amended complaint adding three causes of action sounding in tort to the contract claims originally pleaded. The Supreme Court determined that the tort claims, designated the fifth, sixth, and seventh causes of action in the proposed amended complaint, were insufficient as a matter of law.

Although leave to amend the pleadings is to be freely given

absent prejudice or surprise resulting from the delay (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959; *Fahey v County of Ontario,* 44 NY2d 934, 935), a cause of action totally devoid of merit or palpably insufficient as a matter of law will not be allowed (*Leszczynski v Kelly & McGlynn,* 281 AD2d 519; *Fandy Corp. v Lung-Fong Chen,* 265 AD2d 450; *Romano v Damiano,* 242 AD2d 267). Here the Supreme Court properly examined the merits of the proposed fifth, sixth, and seventh causes of action in the amended pleading and properly determined that those claims were palpably insufficient. It is well established that a breach of contract is not to be considered a tort "unless a legal duty independent of the contract itself has been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R.R.,* 70 NY2d 382, 389). The tort claims in the plaintiff's proposed amended complaint do not identify a duty of care owed by the defendants distinct from their contractual obligations, nor do they allege that the defendants engaged in tortious conduct separate and apart from the alleged failure to properly execute their agreement to move the plaintiff's personalty and relocate his office (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 316).

Even in the event of the existence of a legal duty distinct from the contracts, the tort claims of negligent and/or intentional infliction of emotional distress sought to be interposed in the fifth through seventh causes of action of the amended complaint lack merit because they seek to recover damages for emotional distress caused by alleged intentional or negligent harm to personal property. Damages are not recoverable for mental distress caused by malicious or negligent destruction of personal property (*see Biondo v Linden Hill United Methodist Cemetery Corp.,* 280 AD2d 570, 571; *General Acc. Ins. Co. v Black & Decker,* 266 AD2d 918; *Stanley v Smith,* 183 AD2d 675; *Jensen v Whitford Co.,* 167 AD2d 826). Emotional injury is compensable only when it is the direct, rather than consequential, result of the breach of a duty owed (*see Kennedy v McKesson Co.,* 58 NY2d 500, 506).

There being no basis for finding that the defendants' conduct constitutes a tort independent of the contracts, the demands for punitive damages in the proposed amended complaint also cannot be maintained (*see New York Univ. v Continental Ins. Co.,* 87 NY2d at 316; *Logan v Empire Blue Cross & Blue Shield,* 275 AD2d 187, 194). It is well settled that there is no independent cause of action for punitive damages (*see Rocanova v Equitable Life Assur. Socy. of U.S.,* 83 NY2d 603; *Oakfield Group v Bell Atl. Corp.,* 277 AD2d 365; *Glatter v Chase*

*Manhattan Bank,* 239 AD2d 68, 73). Altman, J.P., Schmidt, Townes and Cozier, JJ., concur.