■ HENRY THONE, Respondent, v CROWN EQUIPMENT CORP., Appellant, et al., Defendants. [810 NYS2d 925]—

In an action to recover damages for personal injuries, the defendant Crown Equipment Corp. appeals from an order of the Supreme Court, Nassau County (LaMarca, J.), dated September 9, 2005, which granted the plaintiff's motion for leave to amend his complaint to add a demand for punitive damages against it.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, and the motion is denied.

Leave to amend a pleading pursuant to CPLR 3025 (b) should be freely granted absent prejudice or surprise resulting from the delay (*see Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959 [1983]; *Probst v Cacoulidis,* 295 AD2d 331 [2002]). While the decision to allow or disallow an amendment is left to the court's sound discretion (*see Edenwald Contr. Co. v City of New York, supra* at 959), a court need not grant leave to amend a pleading where the proposed amendment is palpably without merit (*see Probst v Cacoulidis, supra* at 332; *Reuter v Haag,* 224 AD2d 603 [1996]).

Punitive damages are warranted where the conduct of the party being held liable evidences a high degree of moral culpability, or where the conduct is so flagrant as to transcend mere carelessness, or where the conduct constitutes willful or wanton negligence or recklessness (*see Fernandez v Suffolk County Water Auth.,* 276 AD2d 466, 467 [2000]; *Lee v Health Force,* 268 AD2d 564 [2000]; *Rey v Park View Nursing Home,* 262 AD2d 624, 627 [1999]).

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion for leave to amend the complaint to add a demand for punitive damages. The plaintiff's allegations, relative to punitive damages, were grounded in mere speculation (*see Toscano v Toscano,* 302 AD2d 453 [2003]). Further, nothing beyond speculation and intimation was presented in support of the allegation that the appellant's conduct in designing the forklift on which the plaintiff was injured manifested a high degree of moral culpability or flagrant, willful, or wanton negligence or recklessness. Accordingly, the plaintiff's motion should have been denied (*see Lee v Health Force, supra* at 564). Miller, J.P., Luciano, Lunn and Dillon, JJ., concur.