■ ROBERT BUCKHOLZ et al., Respondents, et al., Plaintiffs, v MAPLE GARDEN APARTMENTS, LLC, et al., Appellants. [832 NYS2d 255]—

In a consolidated action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Jones, J.), dated March 24, 2006, which granted the motion of the plaintiffs Robert Buckholz and Patricia Buckholz, both individually and on behalf of their minor children, Melody Buckholz and Brandon Buckholz, for leave to amend the complaint to add a demand for punitive damages against the defendants.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

Leave to amend a pleading pursuant to CPLR 3025 (b) should be freely granted absent prejudice or surprise resulting from the delay (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *Probst v Cacoulidis*, 295 AD2d 331, 331-332 [2002]). While the decision to allow or disallow an amendment is left to the motion court's sound discretion (*see Edenwald*

*Contr. Co. v City of New York, supra*), a court should not grant leave to amend a pleading where the proposed amendment is palpably without merit (*see Probst v Cacoulidis, supra* at 332; *Reuter v Haag*, 224 AD2d 603, 604 [1996]).

Punitive damages are warranted where the conduct of the party being held liable evidences a high degree of moral culpability, or where the conduct is so flagrant as to transcend mere carelessness, or where the conduct constitutes willful or wanton negligence or recklessness (*see Fernandez v Suffolk County Water Auth.*, 276 AD2d 466, 467 [2000]; *Lee v Health Force*, 268 AD2d 564 [2000]; *Rey v Park View Nursing Home*, 262 AD2d 624, 627 [1999]).

The Supreme Court erred in granting the motion of the plaintiffs Robert Buckholz and Patricia Buckholz, both individually and on behalf of their minor children, Melody Buckholz and Brandon Buckholz (hereinafter the Buckholz plaintiffs), for leave to amend the complaint to add a demand for punitive damages. The allegations relative to punitive damages were grounded in mere speculation, as the proof submitted on the motion failed to make an evidentiary showing of merit (*see Toscano v Toscano*, 302 AD2d 453 [2003]). Nothing beyond speculation was presented in support of the allegation that the defendants' record of servicing and maintaining the electrical system at the garden apartment complex at which the Buckholz plaintiffs resided manifested a high degree of moral culpability or flagrant, willful, or wanton negligence or recklessness leading to the fire that is the subject of this action. Indeed, it evidenced to the contrary. Accordingly, the Buckholz plaintiffs' motion should have been denied (*see Lee v Health Force, supra* at 565). Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.