■ KARLA R. GREEN, Appellant, v PASSENGER BUS CORPORATION et al., Defendants, and GREYHOUND LINES, INC., et al., Respondents. (Appeal No. 1.) [876 NYS2d 921]—Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered December 3, 2007 in a personal injury action. The order denied the motion of plaintiff for leave to amend the complaint to add claims for punitive damages against defendants Greyhound Lines, Inc. and Allen Simmons.

Appeal from a judgment of the Supreme Court, Erie County (Donna M. Siwek, J.), entered May 22, 2008 in a personal injury action. The judgment awarded costs and disbursements to defendants upon a verdict of no cause of action.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the bus on which she was a passenger collided with a concrete barrier. Following a trial, the jury returned a verdict in favor of defendants. We conclude that Supreme Court properly denied plaintiff's pretrial motion for leave to amend the complaint to include claims for punitive damages against defendant Allen Simmons and his employer, defendant Greyhound Lines, Inc. (Greyhound). "Generally, [l]eave to amend a pleading should be freely granted in

the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit . . . and the decision whether to grant leave to amend a complaint is committed to the sound discretion of the court" (*Anderson v Nottingham Vil. Homeowner's Assn., Inc.*, 37 AD3d 1195, 1198 [2007], *amended on rearg* 41 AD3d 1324 [2007] [internal quotation marks omitted]; *see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). Here, however, the evidence submitted by plaintiff was insufficient to support her allegation that there was the requisite willful or wanton negligence or recklessness on the part of Simmons to warrant an award of punitive damages (*see generally Buckholz v Maple Garden Apts., LLC*, 38 AD3d 584 [2007]). Further, punitive damages are warranted against an employer only where it "has authorized, participated in, consented to or ratified the conduct [of its employee] giving rise to such damages, or deliberately retained the unfit [employee]" (*Loughry v Lincoln First Bank*, 67 NY2d 369, 378 [1986]), and plaintiff submitted no such evidence to support an award of punitive damages with respect to Greyhound.

Plaintiff further contends that the court abused its discretion in allowing defendants' attorney to cross-examine her with respect to her receipt of welfare benefits and thus that a new trial is required. We reject that contention. "It is well settled that the permissible scope of cross-examination lies within the sound discretion of the trial court . . . [and] that direct . . . examination may open the door to certain collateral matters [that] would otherwise be inadmissible" (*Gutierrez v City of New York*, 205 AD2d 425, 427 [1994]). Here, plaintiff's counsel elicited incomplete and misleading testimony from plaintiff during direct examination with respect to her work history and thus opened the door for the cross-examination of defendants' attorney concerning plaintiff's receipt of welfare benefits (*cf. id.*). Present—Smith, J.P., Fahey, Peradotto, Carni and Gorski, JJ.