■ JANE PETTY, Appellant, v DANIEL BARNES et al., Respondents, et al., Defendants. [894 NYS2d 85]—

In an action to set aside a power of attorney and to recover damages based upon the conversion of two Totten trust accounts, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Schneier, J.), dated March 12, 2008, which denied her motion for a temporary restraining order enjoining the defendant Daniel Barnes from utilizing the funds in the Totten trust accounts and granted the cross motion of that defendant for summary judgment dismissing the complaint insofar as asserted against him, and (2) an order of the same court dated June 27, 2008, which denied her motion for leave to amend the complaint.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff, Jane Petty, was a long-time companion of the decedent Mowbray Barnes (hereinafter Mowbray). In 2004, Mowbray executed a power of attorney appointing Petty and informed her that he had established two Totten trust accounts for her benefit. In 2005, Mowbray, approximately 96 years old, began exhibiting symptoms of decreased cognitive capacity. In 2006, the defendant Daniel Barnes (hereinafter Daniel), Mowbray's nephew, notified Petty that Mowbray had revoked her power of attorney and executed a new power of attorney appointing him. Daniel allegedly subsequently removed Petty as beneficiary of the Totten trust accounts, converted the Totten

trust accounts to joint accounts with Mowbray, and disbursed the funds within those accounts for his own use.

In 2007 Mowbray died, after which Petty commenced this action to recover damages for conversion and to set aside Daniel's power of attorney. She then moved, inter alia, for a temporary restraining order enjoining Daniel from transferring any more of Mowbray's assets for his own use. By order dated March 29, 2007, the Supreme Court granted Petty's motion, among other things, for a temporary restraining order enjoining Daniel from transferring Mowbray's assets.

In December 2007, Petty moved for another temporary restraining order against Daniel, notwithstanding that the original temporary restraining order was still in effect. Daniel cross-moved for summary judgment dismissing the complaint insofar as asserted against him. By order dated March 12, 2008, the Supreme Court denied Petty's motion and granted Daniel's cross motion.

Petty then moved for leave to amend the complaint, seeking, inter alia, to enjoin Daniel from utilizing the funds from the Totten trust accounts on the grounds of conspiracy to commit prima facie tort, tortious interference with a contract, grand larceny, elder abuse, and unlawful interference with and conversion of an inchoate interest. By order dated June 27, 2008, the Supreme Court denied Petty's motion on the ground that none of the proposed causes of action had merit.

Contrary to Petty's contentions, Daniel was entitled to summary judgment dismissing her cause of action alleging conversion insofar as asserted against him. Conversion is the unauthorized "exercise of dominion over or interference with" a specific identifiable piece of property in defiance of the owner's rights (*Gilman v Abagnale*, 235 AD2d 989, 991 [1997]; *see Ahles v Aztec Enters.*, 120 AD2d 903 [1986]). Petty's claim addressed Daniel's termination of two Totten trust accounts held by Mowbray on which she was named the beneficiary. However, a depositor may revoke or terminate a Totten trust during his lifetime (*see* EPTL 7-5.2 [1]; *Eredics v Chase Manhattan Bank*, 100 NY2d 106, 109-110 [2003]). Thus, a beneficiary's interest in a Totten trust is "a mere expectancy and not a vested legal right" (*Matter of Bobeck*, 143 AD2d 90, 91 [1988]; *see Matter of Fayo*, 7 AD3d 795, 796 [2004]). Accordingly, the Supreme Court properly granted Daniel's cross motion for summary judgment dismissing the complaint insofar as asserted against him (*see* CPLR 6301; *Matter of Billings*, 241 AD2d 452, 453 [1997]; *see also IRB-Brasil Resseguros S.A. v Portobello Intl. Ltd.*, 59 AD3d 366 [2009]).

Moreover, the Supreme Court providently exercised its discretion in denying Petty's motion for leave to amend her complaint, as the proposed amended complaint was palpably without merit (*see* CPLR 305, 3025 [b]; *Buckholz v Maple Garden Apts., LLC*, 38 AD3d 584 [2007]; *Thone v Crown Equip. Corp.*, 27 AD3d 723, 724 [2006]; *Reuter v Haag*, 224 AD2d 603, 604 [1996]).

In light of our determination, Petty's contention with respect to the denial of her motion for a temporary restraining order has been rendered academic, and her remaining contentions are without merit. Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur.