*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                    520090
_____

KAREN MINCKLER,

                    Appellant,

        v                                    MEMORANDUM AND ORDER

UNITED PARCEL SERVICE, INC.,
    et al.,
                    Respondents.
_____

Calendar Date:  September 18, 2015

Before:  Garry, J.P., Rose, Lynch and Devine, JJ.

                    _____

        Eisenberg & Baum, LLP, New York City (Sagar Shah of
counsel), for appellant.

        Day Pitney, LLP, Stamford, Connecticut (Basil C. Sitaras of
counsel), for respondents.

                    _____

Lynch, J.

        Appeal from an order of the Supreme Court (Muller, J.),
entered January 10, 2014 in Clinton County, which granted
defendants' motion for summary judgment dismissing the complaint.

        In 1992, plaintiff began working as an administrative clerk
with defendant United Parcel Service, Inc. (hereinafter UPS) at
its customs office located in the Town of Champlain, Clinton
County.  Plaintiff worked in the office with a number of people,
including defendant Alan Jackson, and she was supervised by Sara
Armes.  In October 2010, plaintiff filed a formal complaint
alleging workplace harassment, and she resigned in November 2010.
In January 2011, she commenced this action alleging, among other
things, that defendants subjected her to sexual harassment in the

workplace, discriminated against her based on her gender, retaliated against her after she voiced her complaints and intentionally inflicted emotional distress upon her and that, as a result, she was forced to resign. Plaintiff also asserted a claim for assault and battery against Jackson. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiff now appeals.

Initially, and mindful that "no valid purpose is served by submitting to a jury a cause of action that cannot survive as a matter of law" (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 306 [2004]), we agree with Supreme Court that because UPS demonstrated that plaintiff did not establish every element of intentional discrimination, it was entitled to summary judgment dismissing plaintiff's cause of action based on a hostile work environment due to sexual harassment (see id. at 305). A party alleging the existence of a sexually hostile work environment must demonstrate that "'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment'" (Forrest v Jewish Guild for the Blind, 3 NY3d at 310, quoting Harris v Forklift Systems, Inc., 510 US 17, 21 [1993]). To determine whether a hostile work environment exists, we must consider "all the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance'" (Forrest v Jewish Guild for the Blind, 3 NY3d at 310-311, quoting Harris v Forklift Systems, Inc., 510 US at 23). The test is both subjective and objective; that is, a plaintiff must demonstrate that the conditions of his or her employment were altered as a result of the conduct he or she perceived to be abusive and that the conduct created an environment that a reasonable person would find to be hostile or abusive (see Forrest v Jewish Guild for the Blind, 3 NY3d at 311).

Here, the record reveals that, since 2005, plaintiff worked in a small office in close proximity to coworkers, including Jackson and Armes. Plaintiff claimed that, beginning in 2005,

she overheard Jackson call her a sexually derogatory name, in 2005 and again in 2009, she overheard Jackson describe a party that he had attended in sexually graphic terms and, in March 2009, Jackson claimed that he ejaculated into a plate of food that he had brought into the office to share. Plaintiff also claimed that Jackson pulled on her bra straps in September 2009, he used a sexually derogatory term to describe his relationship with his partner sometime in 2009, he pulled her hair in February 2010 and, in August 2010, he suggested that plaintiff purchase certain sexual paraphernalia and once rubbed lubricant on plaintiff's arm. Additionally, plaintiff alleged that five or six times over the years, Jackson called her a derogatory term for lesbian[1] and he once gave her a refrigerator magnet with a crab on it and said she "ha[d] crabs."

It is not disputed that UPS had a formal anti-discrimination policy. Although plaintiff complained about the 2005 name comment, she claims that, because Armes warned her against bringing a formal complaint, she never complained about any of the other comments. According to plaintiff, Armes was generally present and complicit with Jackson's behavior. Accepting these allegations to be true,[2] the record clearly establishes that the workplace was one in which the banter was occasionally uncivil and crude. Under the totality of the circumstances, however, we are unable to conclude that the conduct, while offensive, either permeated the workplace or was so "severe and pervasive" as to constitute a hostile work environment under the Human Rights Law (see Hernandez v Kaisman, 103 AD3d 106, 114 [2012]; Alfano v Costello, 294 F3d 365, 379 [2002] [collecting cases]). With the exception of the bra strap, hair pulling and lubricant incidents in September 2009, February

---

[1]  Jackson is homosexual and plaintiff is heterosexual. Plaintiff testified that Jackson first called her the name after she said that a female television personality was beautiful.

[2]  By their testimony, Jackson, a coworker and Armes each either denied the conduct or claimed that plaintiff was either a willing participant or the perpetrator of the allegedly offensive conduct.

2010 and August 2010, respectively, plaintiff does not allege any physical contact. Without minimizing the impropriety of Jackson's workplace behavior,[3] we note that, in her deposition, plaintiff conceded that Jackson's comments, while crude, did not objectify or disparage women in general. Instead, she believed that the conduct, when directed toward plaintiff in particular, resulted from their mutual animosity – a concession that deflates her assertion of gender discrimination. As such, we conclude that the incidents recited by plaintiff are insufficient as a matter of law to meet the threshold of severity and pervasiveness required for a hostile work environment claim. In our view, while the record demonstrates many factual disputes, because plaintiff has raised no material factual issues, Supreme Court properly dismissed her cause of action based on a hostile work environment due to sexual harassment (see Forrest v Jewish Guild for the Blind, 3 NY3d at 312).

Next, we agree with Supreme Court's determination that UPS was entitled to summary judgment dismissing plaintiff's retaliation claim. On this cause of action, plaintiff alleged that UPS retaliated against her for filing a complaint in October 2010. A valid claim for retaliation under the Human Rights Law exists where a party demonstrates "that (1) [he or] she has engaged in protected activity, (2) [his or] her employer was aware that [he or] she participated in such activity, (3) [he or] she suffered an adverse employment action based upon [his or] her activity, and (4) there is a causal connection between the protected activity and the adverse action" (Forrest v Jewish Guild for the Blind, 3 NY3d at 312-313). Plaintiff testified that after UPS's human resources designee arrived in the office to investigate her complaint on October 26, 2010, her part-time hours were reduced "enough to notice," but not less than her guaranteed minimum weekly hours. She further testified that her request to be moved to a different location was denied and that the workplace was intolerable because "everyone was [in]furiated

---

[3]  Our finding that the alleged conduct fails to meet the "severe and pervasive" standard does not equate to a finding that Jackson's conduct would not violate UPS's professional conduct and workplace harassment policy.

with her," she "got the look of death" from Armes, nobody would say anything to her and she had to seek assistance to access her computer because Jackson changed her password. On November 12, 2010, plaintiff's counsel wrote to UPS's human resources manager to advise that plaintiff was resigning "due to the intolerable working conditions imposed upon her," citing the conduct that she alleges created a hostile work environment. In our view, Supreme Court properly granted summary judgment to defendants because plaintiff failed to demonstrate either that she suffered any adverse employment action following her complaint or that the working conditions were so intolerable that a reasonable person would have felt compelled to resign less than two weeks later (see Balsamo v Savin Corp., 61 AD3d 622 [2009]).

Defendants also sought dismissal of plaintiff's assault and battery cause of action arising from the 2009 bra strap and 2010 hair pulling incidents. To succeed on their motion for summary judgment, defendants were required to demonstrate that Jackson "did not intentionally place plaintiff in apprehension of imminent harmful or offensive contact, and did not intentionally engage in offensive bodily contact without plaintiff's consent" (Guntlow v Barbera, 76 AD3d 760, 766 [2010], appeal dismissed 15 NY3d 906 [2010]). We agree with Supreme Court that the 2009 incident was time-barred (see CPLR 215 [3]; Williams v CVS Pharmacy, Inc., 126 AD3d 890, 891 [2015]). As to the 2010 incident, plaintiff alleges that, without provocation, Jackson pulled her hair for 10 to 15 seconds and she yelled at him to stop because she was afraid that he would pull out her hair extensions. Defendants submitted deposition testimony from Jackson, Armes and a coworker who all recalled that plaintiff discovered something in her hair, became frantic and asked Jackson to remove it. Jackson checked, found a ladybug and removed it as requested. As we must view the evidence in the light most favorable to plaintiff, the nonmoving party (see Cicci v Chemung County, 122 AD3d 1181, 1183 [2014], lv dismissed and denied 25 NY3d 1062 [2015]), we disagree with Supreme Court and find that an issue of fact exists as to plaintiff's assault and battery claim against Jackson (see id.; Guntlow v Barbera, 76 AD3d at 766).

Garry, J.P., Rose and Devine, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the fourth cause of action alleging assault and battery by defendant Alan Jackson; motion denied to that extent; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court