■ DIANE SPARKS, Appellant, v LARRY FELS, JR., et al., Respondents. [26 NYS3d 920]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered January 26, 2015. The order, insofar as appealed from, granted in part defendants' motion for summary judgment and dismissed plaintiff's claim for punitive damages.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this action arising out of a motor vehicle accident, plaintiff appeals from that part of an order granting defendants' motion for summary judgment seeking dismissal of plaintiff's claim for punitive damages. "Punitive damages are warranted where the conduct of the party being held liable evidences a high degree of moral culpability, or where the conduct is so flagrant as to transcend mere carelessness, or where the conduct constitutes willful or wanton negligence or recklessness (see Fernandez v Suffolk County Water Auth., 276 AD2d 466, 467 [2000]; Lee v Health Force, 268 AD2d 564 [2000]; Rey v Park View Nursing Home, 262 AD2d 624, 627 [1999])" (Buckholz v Maple Garden Apts., LLC, 38 AD3d 584, 585 [2007]). In other words, "[p]unitive damages are available for the purpose of vindicating a public right only where the actions of the alleged tort-feasor constitute gross recklessness or intentional, wanton or malicious conduct aimed at the public generally or are activated by evil or reprehensible motives" (Pascazi v Pelton, 210 AD2d 910, 910 [1994] [internal quotation marks omitted]; see Ross v Louise Wise Servs., Inc., 8 NY3d 478, 489 [2007]). Here, we conclude that the record does not evince circumstances warranting an award of punitive damages (see Cushing v Seemann, 247 AD2d 891, 893 [1998]; see generally Green v Passenger Bus Corp. [appeal No. 2], 61 AD3d 1377, 1378 [2009]; Buckholz, 38 AD3d at 585). Present—Whalen, P.J., Smith, Carni, Nemoyer and Curran, JJ.