# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**238**
**CA 15-00753**
PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.

---

DIANE SPARKS, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

LARRY FELS, JR., SCHWAN'S HOME SERVICE, INC.,
AND SCHWAN'S FOOD SERVICE, INC.,
DEFENDANTS-RESPONDENTS.

---

CAMPBELL & SHELTON, LLP, EDEN, MAGAVERN MAGAVERN GRIMM, LLP, BUFFALO
(EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HURWITZ & FINE, P.C., BUFFALO (JODY E. BRIANDI OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered January 26, 2015. The order,
insofar as appealed from, granted in part defendants' motion for
summary judgment and dismissed plaintiff's claim for punitive damages.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this action arising out of a motor vehicle
accident, plaintiff appeals from that part of an order granting
defendants' motion for summary judgment seeking dismissal of
plaintiff's claim for punitive damages. "Punitive damages are
warranted where the conduct of the party being held liable evidences a
high degree of moral culpability, or where the conduct is so flagrant
as to transcend mere carelessness, or where the conduct constitutes
willful or wanton negligence or recklessness (*Fernandez v Suffolk
County Water Auth*., 276 AD2d 466, 467 [2000]; *Lee v Health Force*, 268
AD2d 564 [2000]; *Rey v Park View Nursing Home*, 262 AD2d 624, 627
[1999])" (*Buckholz v Maple Garden Apts*., *LLC*, 38 AD3d 584, 585). In
other words, "[p]unitive damages are available for the purpose of
vindicating a public right only where the actions of the alleged tort-
feasor constitute gross recklessness or intentional, wanton or
malicious conduct aimed at the public generally or are activated by
evil or reprehensible motives" (*Pascazi v Pelton*, 210 AD2d 910
[internal quotation marks omitted]; *see Ross v Louise Wise Servs.,
Inc*., 8 NY3d 478, 489). Here, we conclude that the record does not
evince circumstances warranting an award of punitive damages (*see
Cushing v Seemann*, 247 AD2d 891, 893; *see generally Green v Passenger
Bus Corp*. [appeal No. 2], 61 AD3d 1377, 1378; *Buckholz*, 38 AD3d at

585).

Entered:  March 18, 2016                 Frances E. Cafarell
                                         Clerk of the Court