## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  July 21, 2016 522388
_____

RICHARD F. GEORGE,
                    Appellant,

            v                                    MEMORANDUM AND ORDER

CHRISTOPHER E. ALBERT,
                    Respondent.
_____

Calendar Date:  May 27, 2016

Before:  McCarthy, J.P., Rose, Devine, Clark and Aarons, JJ.

_____

        Lemery Greisler LLC, Albany (Lauren S. Cousineau of counsel), for appellant.

        Kindlon Shanks & Associates, Albany (Gennaro D. Calabrese of counsel), for respondent.

_____

Devine, J.

        Appeal from an order of the Supreme Court (McGrath, J.), entered August 25, 2015 in Rensselaer County, which denied defendant's motion for partial summary judgment dismissing plaintiff's claim for punitive damages.

        Defendant was a passenger in a vehicle driven by his girlfriend, Brooke Leavitt, when plaintiff's vehicle passed them on a highway exit ramp.  Defendant testified that he instructed Leavitt to follow plaintiff into a gas station because he believed that plaintiff was driving recklessly and posed a risk to others.  Defendant approached plaintiff at the gas station, and the parties briefly exchanged insults that escalated into a physical confrontation.  Defendant, an off-duty state trooper, quickly pinned plaintiff to the ground and held him there until

police arrived at the scene.  Defendant told the responding officers that he was an off-duty police officer and plaintiff, who was admittedly "going nuts," was handcuffed and placed in the back of a patrol car for a brief period.

Plaintiff brought this action sounding in intentional tort and negligence, seeking damages for physical and psychological harm inflicted by defendant and punitive damages for his conduct. Defendant moved for partial summary judgment seeking dismissal of the punitive damages claim.  Supreme Court found triable issues of fact as to the nature of defendant's conduct and denied the motion.  Defendant now appeals and we affirm.

"Punitive damages may be awarded in an action to recover damages for assault" (Matthews v Garrett, 303 AD2d 563, 563 [2003] [citations omitted]; see Hotaling v Carter, 137 AD3d 1661, 1663 [2016]), but "are permitted only when a defendant purposefully causes, or is grossly indifferent to causing, injury and defendant's behavior cannot be said to be merely volitional" (Marinaccio v Town of Clarence, 20 NY3d 506, 512 [2013]). Defendant's conduct, in other words, must reflect "a high degree of moral culpability, . . . [be] so flagrant as to transcend mere carelessness, or . . . constitute[] willful or wanton negligence or recklessness" (Sparks v Fels, 137 AD3d 1623, 1623 [2016] [internal quotation marks and citations omitted]; see Thompson v Corbett, 13 AD3d 1060, 1061 [2004]; Rinaldo v Mashayekhi, 185 AD2d 435, 436 [1992]).

In support of his motion for summary judgment, defendant submitted affidavits from himself and Leavitt claiming that defendant did not initiate the confrontation with plaintiff, but admitting that they stopped at the gas station to get plaintiff's license plate number, and surveillance video of the incident shows that defendant approached plaintiff's vehicle and engaged in a verbal dispute with him.  Defendant also submitted the deposition testimony of plaintiff, who stated that defendant was the aggressor, threatening plaintiff, pushing him in the chest so hard that he fell to the ground, then placing him in a choke hold that cut off his ability to breathe.  The surveillance video shows the altercation, but has no audio and does not establish who instigated the brawl or how much force defendant used in

subduing plaintiff.  Defendant acknowledged that he then identified himself as an off-duty police officer to the responding officers and told them that plaintiff had attacked him, and the surveillance video shows plaintiff being led away in handcuffs while defendant chats with his fellow officers.

Viewed in the light most favorable to the nonmoving party (see Minckler v United Parcel Serv., Inc., 132 AD3d 1186, 1190 [2015]), the foregoing proof permits the finding that defendant pursued plaintiff and angrily confronted him over his perceived deficiencies as a driver, then physically subdued plaintiff and falsely accused him of starting the confrontation to ensure that he would be detained by police.  If true, this aggressive and dishonest behavior by an off-duty state trooper is precisely the type of "morally culpable" behavior that defendant and others should be deterred from engaging in (Walker v Sheldon, 10 NY2d 401, 404 [1961]; see O'Donnell v K-Mart Corp., 100 AD2d 488, 492 [1984]).  Thus, we agree with Supreme Court that questions of fact preclude the dismissal of plaintiff's claim for punitive damages.

McCarthy, J.P., Rose, Clark and Aarons, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court