(52 App. Div. 206.)

SEIS et ux. v. PLAISANTIN.

(Supreme Court, Appellate Division, Second Department. June 12, 1900.)

1. REAL PROPERTY—SALE—REPRESENTATIONS AS TO VALUE.
    A sale will not be set aside because the grantor, to induce the sale, falsely represented that the realty was worth a certain amount, and that it would make a very profitable investment for grantee.

2. SAME—RENTAL VALUE—PROSPECTIVE TENANT.
    A false representation by a vendor to the purchaser that he had a tenant who would pay a certain rental for the real estate, and upon which grantee relied, was sufficient ground for setting aside the sale.

3. SAME—EVIDENCE—REVERSIBLE ERROR.
  In an action by a grantee to rescind a sale on the ground that grantor had falsely represented that he had a tenant who would take the place at a certain rental, it was reversible error to exclude testimony by defendant that when the sale took place negotiations were pending between defendant and a third person for the rental of the real estate on the terms stated in the representation.

Appeal from special term, Kings county.

Action by Frederick Seis and wife against Manuel A. Plaisantin to rescind a sale of realty for fraud. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Stephen B. Jacobs, for appellant.
Jacob F. Miller, for respondents.

GOODRICH, P. J. The decision of the court contains findings of fact which may be briefly stated as follows: The plaintiffs, on June 18, 1898, entered into a written contract with the defendant for the purchase of a house and lot for the sum of $5,800, payable $500 at the time of signing the contract, and $2,800 on the delivery of the deed, subject to a mortgage of $2,500, to run for three years at 5 per cent. interest. The plaintiffs were induced to enter into such contract solely by reason of and in reliance upon representations of the defendant that the premises were worth $5,800; that the plaintiffs would make a very profitable investment of their money; that the defendant had a responsible tenant ready to lease the store and first floor of the building at the monthly rental of $60; that the defendant personally guarantied the rent for one year. That all of such representations were false, and made by the defendant with knowledge of their falsity, and for the purpose of deceiving the plaintiffs, and inducing them to enter into the contract; that, instead of conveying the premises to the plaintiffs, subject to the described mortgage, the defendant fraudulently induced the plaintiffs to execute their own bond and mortgage for the $2,500; and that the plaintiffs, immediately on the discovery of the fraud, tendered to the defendant a deed of the premises, and demanded a return of the $3,300 which they had paid. A judgment was entered ordering the plaintiffs to reconvey the premises to the defendant, and directing the repayment by the defendant to the plaintiffs of the $3,300 and interest, and that the defendant hold the plaintiffs harmless from any liability upon their bond and mortgage. The defendant appeals from the judgment.

The false representations alleged in the complaint were: First, that the property was worth $5,800, and that the plaintiffs would make a very profitable investment of their money; and, second, that the defendant had a responsible tenant ready to take the store and first floor for a term of three years at $60 per month, and that he (the defendant) would guaranty the rent for a year. As to the first representation, it is well settled that a false statement as to the value of property, made by a vendor for the purpose of obtaining a higher price than he knows the property is worth, will not sustain an action for fraud by a purchaser who contracted for the purchase

in reliance upon such statement; that the purchaser must rely upon his own judgment as to value, and that it is folly to rely upon the representation of the vendor in that respect. Ellis v. Andrews, 56 N. Y. 83. In Titus v. Poole, 145 N. Y. 414, 40 N. E. 228, the court cited the Ellis Case as authority for saying:

"It is well settled that a mere naked representation by a vendor of the value of property sold is to be regarded as an expression of opinion merely, and will not sustain an action for deceit, although the representation was known to the vendor to be untrue, and was made with intention to deceive the purchaser."

The second representation—as to the tenant—would have been sufficient to avoid the contract if it had been false, and known to the defendant to be false, and if, also, the plaintiffs had relied thereon, and were induced thereby to enter into the contract. There was evidence tending to show that the defendant represented that he had such a proposed tenant, and the defendant admitted substantially that he told the plaintiffs that he had such a proposed tenant. One of the plaintiffs testified that after the deed had been executed and delivered—on the 22d—he asked the defendant about this tenant, and was told that he would be over the next day, and that a man (whom, however, he did not identify as Bruce) came to him, and said that he was going to take the place. The defendant produced Bruce, who testified that he called on the defendant about the middle of June, and proposed to him to take the store and first floor at the rate of $60 per month, provided he could have a three-years lease; that about a week thereafter he received a letter from the defendant, asking him to call, and was informed that he had sold the property; that Bruce told him he "was satisfied to take it on a three-years basis, and have him [the defendant] to make an appointment with the owner to draw up a lease"; that the defendant came to see him about a week after. Bruce was asked:

"Q. Was there any appointment made for you to meet anybody? (Objected to. Objection sustained. Defendant excepts.) Q. Did you again go to Mr. Plaisantin's office for the purpose of executing a lease of the premises? * * * A. I again went to Mr. Plaisantin's office. Q. For what purpose? (Objected to. Objection sustained. Defendant excepts.) * * * Q. Did Mr. Plaisantin ask you at any time to execute a lease of those premises? (Objected to. Objection sustained. Defendant excepts.)"

The evidence sought by these questions was improperly excluded. The questions were calculated to educe testimony tending to show that the second representation, upon which the plaintiffs found their allegation of fraud and misrepresentation, was in fact true. If true, the plaintiffs have no cause of action. The rejection of the evidence constitutes reversible error, and we do not, therefore, consider other questions involved in the record. The judgment should be reversed, and a new trial granted.

Judgment reversed, and new trial ordered; costs to abide the event. All concur.