MERRY REALTY COMPANY, INC., Appellant, *v.* SHAMOKIN
& HOLLIS REAL ESTATE COMPANY, INC., Respondent,
Impleaded with HARRY B. MARTIN and Others, Defendants.

Second Department, February 21, 1919.

**Fraud and deceit — rescission of contract — action for damages —
counterclaim — recoupment — suit to foreclose mortgage arising
out of exchange of land — counterclaim based on deceit — judg-
ment annulling mortgage and granting damages to defendant.**

Where a contract is induced by fraud, the defrauded party has the alternative
of rescission or an action for damages for deceit. These remedies are
inconsistent and cannot co-exist as one rests upon the avoidance of the
contract and the other upon its affirmance.

The method of pleading recoupment as a defense under the general issue
was swept away in our system of Code pleading, and a counterclaim
now embraces both recoupment and setoff.

In an action to foreclose a mortgage it appeared that the defendant was
induced by fraud to exchange its property for the property of the plaintiff
which was subject to the mortgage in suit. *Held*, that a counterclaim
based on deceit in the contract for the exchange of property out of which
the mortgage arose may be pleaded, for it tends to defeat plaintiff's
recovery and arises out of the transactions set forth in the complaint
as the foundation of plaintiff's cause of action; that under the doctrine
of recoupment it may reduce plaintiff's recovery on the mortgage, and
that the defendant is entitled to judgment under section 503 of the Code
of Civil Procedure, for the excess of its damages over plaintiff's claim.

The judgment canceling the mortgage and awarding defendant damages
is not in effect a rescission of any portion of the contract, but the result
of the application of the common-law doctrine of recoupment as applied
to our system of Code pleadings.

By this practice circuity of action and needless litigation is avoided.

APPEAL by the plaintiff, Merry Realty Company, Inc.,
from a judgment of the Supreme Court in favor of the respond-
ent, entered in the office of the clerk of the county of Kings
on the 1st day of April, 1918, upon the decision of the court
after a trial at the Kings County Special Term.

Defendant Shamokin & Hollis Real Estate Company, Inc.,
was the owner of thirty-two lots of land at Hollis, Queens
county, N. Y. The plaintiff was the owner of premises No.
1057 Bergen street in the borough of Brooklyn, carried in

the name of a dummy, Martin. By contract dated the 2d day of August, 1916, between Martin and the defendant, they agreed to exchange these two pieces of property. For the purpose of the exchange the Hollis property was valued at $25,000 and was to be conveyed free and clear of incumbrances, and the Bergen street property was valued at $65,000 and was to be taken subject to a first mortgage of $34,000 and a second mortgage of $6,000. The defendant, hereinafter called the Shamokin Company, was owned by residents of Shamokin, Penn. The plaintiff was owned equally by one Pramuk, a resident of Shamokin, and Green, a resident of Brooklyn, and Pramuk and Green were partners in a real estate business carried on in the borough of Brooklyn. Pramuk and Green represented to the defendant that Green was a disinterested broker who would aid the defendant in securing an exchange of its non-productive property in Hollis for income-producing property in the borough of Brooklyn, and the negotiations leading to the exchange were had between the officers of the defendant company and Green, who acted as broker for the defendant and was subsequently paid the sum of $625 commissions. Green represented that the Bergen street property was owned by Martin; that Martin was a wealthy contractor; that the property was subject to a first mortgage, held by the Lawyers Title and Trust Company, and to a second mortgage of $10,000, which had been reduced to $6,000, and that the Bergen street property was worth $65,000. The defendant, believing these representations, and induced to believe that Green was a disinterested expert who was advising it in its own interest, entered into the contract of exchange. As a matter of fact, the property was not owned by Martin, a contractor and builder, but was held by Martin, who was an osteopathic physician, as a dummy for the plaintiff. Green was not a disinterested expert, but was, through ownership in the stock of the plaintiff company, practically a half owner of the Bergen street property; the $34,000 mortgage was not a first mortgage held by the Lawyers Title and Trust Company, but, by the device of a participation agreement, was in effect a first mortgage for $29,000 and a second mortgage for $5,000; there was no $10,000 mortgage that had been reduced to $6,000, but

pending the negotiations, and for the purpose of the contract, a mortgage for $6,000 was given without consideration by Martin to the plaintiff company.

The contract of exchange was carried out in accordance with its terms. The property was conveyed subject to the mortgage for $34,000 and to the mortgage held by the plaintiff for $6,000; and the interest not having been paid according to the terms of the mortgage, the plaintiff began foreclosure proceedings. The defendant set up the facts above recited, by way of defense and counterclaim, and asked that the mortgage be annulled and that damages be awarded for the fraud, and during the progress of the trial it asked to amend its answer by demanding a rescission of the contract. After trial the court gave judgment annulling the mortgage and awarding to the defendant the sum of $6,625 damages besides interest and costs, to be paid by the plaintiff. From the judgment entered thereon the plaintiff appeals.

*John M. O'Neill,* for the appellant.

*Frederick N. Van Zandt* [*George F. Hickey* and *Herbert A. O'Brien* with him on the brief], for the respondent.

BLACKMAR, J.:

The evidence amply sustained the finding that the defendant was induced by fraud to exchange with Martin, who acted as dummy for plaintiff, its property at Hollis for the apartment upon which was the mortgage that this action is brought to foreclose. The false representation was not of value only, but of facts and circumstances that were intended to and did lead the defendant to accept and rely on plaintiff's representation of value. The trick and device whereby defendant was induced to accept the representation of value by the real owner as the advice of a disinterested expert worked a palpable and successful fraud.

The defendant, pleading the facts constituting the fraud as a defense and counterclaim, has prevailed and received a judgment canceling the mortgage of $6,000 and awarding to it the sum of $6,625 damages, with interest and costs, to be paid by the plaintiff, and the plaintiff appeals to this court therefrom. The judgment was based on findings that defend-

ant received in the exchange property worth $12,000 less than that with which he parted, and paid $625 commission, and that this loss was the result of false representations made by plaintiff.

It is elementary that in the case of a contract induced by fraud, the defrauded party has the alternative of rescission or an action for damages for deceit. These remedies are inconsistent and cannot co-exist, as one rests upon the avoidance of the contract and the other upon its affirmance. How, then, can the contract of exchange of property be in effect annulled as to one element of it, viz., the mortgage subject to which the property was taken, and at the same time a recovery of damages be permitted? So stated, the problem seems difficult; but I think the judgment may be affirmed. The judgment is not in effect a rescission of any portion of the contract, but the result of the application of the common-law doctrine of recoupment as applied in our system of Code pleadings.

Under the procedure at common law, if upon the sale of property the purchase price is not fully paid and the vendor brings an action to recover it, the vendee might, under the plea of the general issue, recoup, by way of deduction from plaintiff's claim, the damages that he has suffered by the fraud or breach of contract of the plaintiff in the transaction which forms the grounds of the action. Even if a note or bond is given for the purchase price, the rule obtains. (*Harrington* v. *Stratton,* 22 Pick. 510; *Dushane* v. *Benedict,* 120 U. S. 630; *McAllister* v. *Reab,* 4 Wend. 483; *Whitney* v. *Allaire,* 4 Den. 554; *Van Epps* v. *Harrison,* 5 Hill, 63; *Gillespie* v. *Torrance,* 25 N. Y. 306.) And the doctrine has been applied to an action to foreclose a mortgage given for the purchase price of land (*Wilcox* v. *Howell,* 44 N. Y. 398; *Lassall* v. *Pati,* 25 Misc. Rep. 561), even when the mortgage is one of the securities given in carrying out a contract of exchange of lands. (*Fairchild* v. *McMahon,* 139 N. Y. 290.)

The cases cited are abundant authority that a claim for damages for deceit in a sale could be recouped in an action for the purchase price. A claim for recoupment was cognizable at law and differed from setoff, which was a head of equity jurisdiction. (*Nichols* v. *Dusenbury,* 2 N. Y. 283; *Gillespie* v.

*Torrance, supra; Vassear* v. *Livingston,* 13 N. Y. 248.)   In recoupment the claim of defendant must arise out of the transaction that constitutes plaintiff's cause of action, and may rest in tort or contract, or be for liquidated or unliquidated damages.   In setoff both claims must arise on contract and the damages be liquidated, and it is not necessary that they arise out of the same transaction.

But recoupment was by way of reduction of plaintiff's demand and could not be the basis of an affirmative judgment for defendant.   It could be had only when the facts justifying it constituted a cause of action in favor of defendant against plaintiff, and was admitted as a defense to avoid circuity of action.

The method of pleading recoupment as a defense under the general issue was swept away in our system of Code pleading. It was decided for the first time in *Deeves & Son* v. *Manhattan Life Ins. Co.* (195 N. Y. 324) that the defendant must plead as a counterclaim the facts formerly available as a defense by way of recoupment.   A counterclaim now embraces both recoupment and setoff.   And so the facts were properly pleaded as a counterclaim in the case under consideration. The counterclaim was for deceit.   But the plaintiff contends that a counterclaim for damages for deceit was not admissible, because, as the action was to foreclose a mortgage and no money judgment was asked against the defendant, the allowance of it would not tend to diminish or defeat plaintiff's recovery, citing section 501 of the Code of Civil Procedure and *Lipman* v. *J. A. I. Works* (128 N. Y. 58).

We have seen that at common law the defense of recoupement was admissible in a case like the present, for the mortgage that the plaintiff seeks to foreclose is for part of the purchasprice of the property and, except as a means of paying the purchase price, had no validity.   In fact, there has been a practical application of the doctrine since the adoption of the Code system of pleading. (See *Wilcox* v. *Howell* and *Fairchild* v. *McMahon, supra.*)   The Code, as interpreted in the *Deeves* case, required the facts giving the right to recoupment to be pleaded as a counterclaim and not as a defense. We cannot admit that this was intended to abolish the right of recoupment unless we are prepared to place form above

substance.   If the counterclaim can to the extent of the face of the mortgage operate as recoupment, it does tend to diminish plaintiff's recovery.   The *Lipman* case is, in this respect, to be distinguished from the case at bar, for Judge FINCH there plainly pointed out that defendant's success on the counterclaim could have no effect whatever on the foreclosure.

But to a certain extent the doctrine in the *Deeves* case, that recoupment is a counterclaim and not a defense, does alter the situation, for an affirmative judgment may be entered upon a counterclaim for the amount established in excess of plaintiff's demand.   (Code Civ. Proc. § 503.)   This could not be done in recoupment pleaded as a defense.

I think, therefore, that the counterclaim based on deceit in the contract for the exchange of property, out of which the mortgage arose, may be pleaded, for it tends to defeat plaintiff's recovery and arises out of the transaction set forth in the complaint as the foundation of plaintiff's cause of action; that under the doctrine of recoupment it may reduce plaintiff's recovery on the mortgage, and that the defendant is entitled to judgment, under section 503 of the Code, for the excess of its damages over plaintiff's claim.   So circuity of action is avoided and the whole controversy settled in one action, and this is in accord with the spirit of the administration of the law, in that needless litigation is avoided.

The judgment should be affirmed, with costs.

Present — JENKS, P. J., MILLS, PUTNAM, BLACKMAR and KELLY, J.

Judgment unanimously affirmed, with costs.