12-2909 (L)
Barkley v. United Property Group, LLC, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         BARRINGTON D. PARKER,
         DENNY CHIN,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
SANDRA C. BARKLEY, AKA Sandra C. Barklay,

        Plaintiff-Counter-Defendant-
        Cross-Defendant, Appellee,

        -v.-                          12-2909-cv, 12-2912-cv,
                                      12-3619-cv, 12-3621-cv

OLYMPIA MORTGAGE COMPANY,

        Defendant-Counter-Claimant-
        Cross-Defendant,

THOMAS MESSINA, DLJ MORTGAGE CAPITAL LLC,

        Defendants-Cross-Defendants-
        Cross-Claimants,

1

**ALLIANCE MORTGAGE CORPORATION, dba Everyhome Mortgage Company, WILSHIRE CREDIT CORPORATION, FEDERAL NATIONAL MORTGAGE ASSOCIATION, XYZ CORPORATION (Said name being fictitious, it being the intention of Plaintiff to designate any corporation having a legal interest in Plaintiffs' mortgages), JP MORGAN CHASE BANK, as Trustee for the Home Equity Trust Series 2003-3 submitted as deft for Wilshire Credit Corporation and XYZ Corporation, MICHAEL B. CHEATHAM, CREDIT SUISSE FIRST BOSTON LLC, CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES, INC., BENJAMIN TURNER,**

**Defendant-Cross-Defendants,**

**MICHAEL MASCIALE, CERTILMAN BALIN ADLER & HYMAN, LLP,**

**Defendants,**

**UNITED PROPERTY GROUP, LLC, UNITED HOMES, LLC, GALIT NETWORK, LLC, YARON HERSHCO,**

**Defendants-Cross-Defendants-Cross-Claimants-Appellants.**[*]

- - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:                    JASON P. SULTZER (Bryon L. Friedman, <u>on the brief</u>), Littleton Joyce Ughetta Park & Kelly LLP, Purchase, New York.

DARREN OVED (Brian S. Tretter, <u>on the brief</u>), Oved & Oved LLP, New York, New York.

---

[*] The Clerk of the Court is directed to amend the caption as set forth above.

**FOR APPELLEES:** SARA MANAUGH (Pavita Krishnaswamy, South Brooklyn Legal Services, Brooklyn, New York, Jean Constantine-Davis, AARP Foundation Litigation, Washington, D.C., J. Christopher Jensen, Cowan, Liebowitz & Latman, P.C., New York, New York, <u>on the brief</u>), South Brooklyn Legal Services, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendants Yaron Hershco and his companies, United Homes LLC, United Property Group LLC, and Galit Network LLC (collectively, "United Homes") appeal from the final judgment of the United States District Court for the Eastern District of New York (Matsumoto, <u>J.</u>) awarding compensatory and punitive damages to six home buyers--Sandra Barkley, Mary Lodge, Dewitt Mathis, Lisa & Miles McDale, Charlene Washington, and Sylvia Gibbons (collectively, the "Buyers")--who were sold defective and damaged homes represented as "newly renovated" by the Defendants. The Defendants argue that the district court erred in: (1) consolidating the six cases for trial; (2) denying the Defendants' post-trial motion for judgment as a matter of law ("JMOL") under Fed. R. Civ. P. 50(b), which argued that the properties were sold "as is," the alleged misrepresentations were merely a breach of contract, and subjective property valuations cannot support fraud claims; and (3) calculating damages and attorney's fee awards. Separately, Hershco argues that (4) the evidence was insufficient to pierce the corporate veil. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** "The trial court has broad discretion to determine whether consolidation is appropriate." <u>Johnson v. Celotex</u>

Corp., 899 F.2d 1281, 1284 (2d Cir. 1990) (citations omitted).  In making this determination, the court considers "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."  Id. at 1285 (citation omitted) (second alteration in original).

The district court applied Johnson, finding "significant benefits" of consolidation--common questions of law and fact, efficiency, and the avoidance of possibly inconsistent verdicts--and only minimal potential prejudice. There was no abuse of discretion.

**2.**   The district court's ruling on a post-verdict motion for JMOL under Rule 50(b) is reviewed de novo. Runner v. N.Y. Stock Exch., Inc., 568 F.3d 383, 386 (2d Cir. 2009).  A Rule 50 motion may be granted only if, "after viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in favor of the non-moving party, [the district court] finds that there is insufficient evidence to support the verdict." Fabri v. United Techs. Int'l, Inc., 387 F.3d 109, 119 (2d Cir. 2004).

Section 12 of each sale contract contained a "specific merger clause" that the property was sold "as is."  However, there was no testimony at trial about the specific merger clause, and United Homes did not raise any argument related to the clause in its Fed. R. Civ. P. 50(a) motion prior to the verdict.  Any such argument was not properly preserved and is therefore waived.  See, e.g., Samuels v. Air Transport Local 504, 992 F.2d 12, 14 (2d Cir. 1993) ("[The Federal Rules of Civil Procedure] limit the grounds for judgment n.o.v. to those specifically raised in the prior motion for a directed verdict.").

Alleged wrongdoing that merely constitutes a breach of contract cannot constitute fraud.  See Van Neil v. Berger, 632 N.Y.S.2d 48, 48 (4th Dep't 1995) ("A cause of action for fraud is not stated where the only fraud alleged relates to

4

a breach of contract"). However, where a party makes misrepresentations to induce the other party to enter a contract, the fraud claim is sustained. See Deerfield Comm'ns Corp. v. Chesebrough-Ponds, 68 N.Y.2d 954, 956 (1986). At trial, the Buyers presented evidence that, to convince the Buyers to purchase, United Homes promised "fully renovated" homes and repeatedly assured that all necessary repairs would be completed before closing. Yet, at the same time, United Homes concealed rotten flooring, leaking roofs, debris, electrical and plumbing problems, and water damage. A jury could reasonably find that this constituted fraud.

In New York, a valuation of property provided by the seller generally will not support a fraud action because "the purchaser must rely on his own judgment as to value." Seis v. Plaisantin, 65 N.Y.S. 70 (App. Div. 1900). However, an inflated appraisal may support a fraud claim if the buyer is tricked by the seller and the buyer is not versed in home values. Merry Realty Co. v. Martin, 169 N.Y.S. 696, 698 (Sup. Ct. Kings Cty. 1918), aff'd sub nom. Merry Realty Co. v. Shamokin & Hollis Real Estate Co., 174 N.Y.S. 627 (2d Dep't 1919), rev'd on other grounds, 230 N.Y. 316 (1921) (holding that a "representation as to value becomes an allegation of fact and not merely an expression of opinion" where the buyer "is induced by the seller to forbear making inquiry, and damage results"). Here, a jury could find that concealment of the true property conditions and the steering of inexperienced Buyers to United Homes' appraisers prevented the Buyers from discovering or seeking to determine the actual value of the properties.

**3.** "Punitive damages are warranted where the conduct of the party being held liable evidences a high degree of moral culpability, or where the conduct is so flagrant as to transcend mere carelessness, or where the conduct constitutes willful or wanton negligence or recklessness." Buckholz v Maple Garden Apts., LLC, 832 N.Y.S.2d 255 (2d Dep't 2007). Reviewing the record de novo, we see nothing to upset the jury's finding that the conduct of United Homes--perpetuation of a scheme that lured inexperienced, low-income individuals into purchasing damaged homes that

they could not afford--was "so flagrant as to transcend mere carelessness."[1]

We review a district court's award of attorney's fees for abuse of discretion. <u>McDaniel v. Cnty. of Schenectady</u>, 595 F.3d 411, 416 (2d Cir. 2010). An abuse of discretion could consist of an erroneous view of the law or a decision that, while not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions. <u>See</u> <u>Zervos v. Verizon New York, Inc.</u>, 252 F.3d 163, 169 (2d Cir. 2001). United Homes argues that the fee award of over $2 million (more than twice the amount of the recovery) is outside the range of permissible decisions, and that the award was excessive because the Buyers (who did not prevail on their discrimination claims) enjoyed only limited success at trial.

An attorney's fee award should take into account a plaintiff's partial success. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 436 (1983) ("If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."). The district court applied <u>Hensley</u>, and excluded from the fee award calculation all hours billed exclusively to the unsuccessful discrimination claims. The district court also noted that the $1.1 million judgment provided "substantial relief" to the plaintiffs, and represented a "substantial degree of success at trial." There was no abuse of discretion.

Nor was the size of the fee award unreasonable when compared to the recovery. While "New York courts have

---

[1] United Homes also argues that punitive damages are not available for violation of Section 349 of New York General Business Law ("GBL § 349"), and that the district court insufficiently reduced the damage award to account for settling defendants under N.Y. General Obligations Law § 15-108(a). However, punitive damages may be awarded for a violation of GBL § 349, <u>Wilner v Allstate Ins. Co.</u>, 71 A.D.3d 155, 167 (N.Y. 2010), and the setoff calculation was correct for the reasons set out in the district court's January 27, 2012 Memorandum & Order.

stated that, as a general rule, they will rarely find reasonable an award to a plaintiff that exceeds the amount involved in the litigation," F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1264 (2d Cir. 1987), attorney's fees awarded under GBL § 349 need not be proportional. See Diaz v. Paragon Motors of Woodside, Inc., No. 03-6466, 2007 WL 2903920, at *8 (E.D.N.Y. Oct. 1, 2007). This litigation spanned seven years, involved dozens of attorneys and numerous paralegals, and achieved a substantial recovery for the plaintiffs. The award was within the range of permissible decisions.

**4.** New York law allows for "piercing the corporate veil" when the corporation is so dominated by an individual that it primarily conducts the individual's business rather than its own, and through this domination, a wrong is committed against a third party. See, e.g., Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc., 933 F.2d 131, 138 (2d Cir. 1991) ("Liability therefore may be predicated . . . upon complete control by the dominating corporation that leads to a wrong against third parties."). Herscho moved for JMOL post-verdict, challenging the sufficiency of the evidence of both domination and the commission of a wrong through that domination. We review the district court's denial of this motion de novo. Runner v. N.Y. Stock Exch., Inc., 568 F.3d 383, 386 (2d Cir. 2009).

Herscho's argument that he did not "dominate" the United Homes entities was not properly preserved and is therefore waived. A post-verdict motion for JMOL under Fed. R. Civ. P. 50(b) must be premised on grounds specified in a Rule 50(a) motion made prior to the submission of the case to the jury. See Lore v. City of Syracuse, 670 F.3d 127, 153 (2d Cir. 2012). Hershco failed to challenge the "domination" prong in his Rule 50(a) motion; moreover, he conceded the sufficiency of the evidence for purposes of that motion: "[The] two factors necessary for piercing the corporate veil include complete domination, dominion and control, which assuming for this argument they've met through the testimony of [Plaintiffs' expert] Alan Blass."

Regarding the second prong, Hershco argues that there was no evidence of a connection between Hershco's domination of United Homes and the fraud perpetrated on the Buyers.

7

However, the record indicates that Hershco manipulated the United Homes entities, undercapitalizing them and moving money freely among them to pay salaries, marketing, construction, and closing costs.  That intermingling afforded Hershco the opportunity to quickly purchase and resell more properties, furthering the scheme.  And Hershco himself signed the deeds of sale for each Buyer's home.  The evidence was sufficient for a reasonable juror to conclude that Hershco's domination was the proximate cause of the Buyers' injuries.  See Freeman v. Complex Computing Co., 119 F.3d 1044, 1053 (2d Cir. 1997).

For the foregoing reasons, and finding no merit in United Homes' and Hershco's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK