21-2785-cv
Tomassini v. FCA US LLC

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand twenty-three.

PRESENT:  RAYMOND J. LOHIER, JR.,
                 STEVEN J. MENASHI,
                 BETH ROBINSON,
                         *Circuit Judges*.
------------------------------------------------------------------
ROBERT TOMASSINI, on behalf of
himself and all others similarly
situated,

                 *Plaintiff-Appellee*,

        v.                                                                    No. 21-2785-cv

FCA US LLC, FKA CHRYSLER GROUP LLC,

                 *Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: STEPHEN A. D'AUNOY (Kathy Ann Wisniewski, *on the brief*), Thompson Coburn LLP, St. Louis, MO

FOR PLAINTIFF-APPELLEE: ELMER ROBERT KEACH, III, Law Offices of Elmer Robert Keach, III, Albany, NY (Nicholas Migliaccio, Migliaccio and Rathod LLP, Washington, DC, *on the brief*)

Appeal from an order of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Defendant-Appellant FCA US LLC ("FCA") appeals from orders of the United States District Court for the Northern District of New York (D'Agostino, J.) granting Plaintiff-Appellee Robert Tomassini's motion for attorneys' fees in the amount of $125,882.78, and denying FCA's motion for reconsideration. We assume the parties' familiarity with the underlying facts and record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

2

## I.  Background

Tomassini commenced this putative class action in 2014, seeking damages under New York law for deceptive business practices pursuant to Section 349 of New York General Business Law ("GBL § 349") and breach of express warranty on behalf of a class of New York residents who purchased certain Chrysler and Dodge minivans with allegedly defective tire valves that easily corroded when exposed to road salt.  In 2018 the District Court denied Tomassini's motion for class certification.  On September 10, 2020, Tomassini accepted FCA's offer of judgment on his individual claim pursuant to Rule 68 of the Federal Rules of Civil Procedure.  On September 16, 2020, in accordance with the offer, the District Court entered judgment in Tomassini's favor "in the amount of $2,000.00, plus (1) payment of taxable costs related to the prosecution of Tomassini's individual claims, and (2) reasonable attorney fees related to the prosecution of Tomassini's individual claims (only)." App'x 367.

Thereafter, Tomassini moved for a reimbursement of $151,525.56 in attorneys' fees.  He explained that the requested amount was calculated by "isolat[ing] time related solely to the merits of [his] . . . claim" after his attorneys "exercis[ed] considerable billing discretion" and "reduced their requested hours

3

by 35% to account for time spent on fact and expert discovery that may have benefited" other plaintiffs. Supp. App'x 83. The District Court reviewed the billing records and identified specific time entries where the work "relate[d] either solely to class issues or involve[d] a combination of class and individual issues," or where Tomassini's description failed to provide "sufficient information to determine whether the work involved class issues." Spec. App'x 6-7. Out of the 775.65 hours submitted for reimbursement, the District Court identified 363.9 hours that were not compensable for the reasons identified. Accordingly, the District Court cut by 46 percent the number of hours counsel submitted, resulting in a final award of $125,882.78 in attorneys' fees.

## II.    Legal Standard

"We review a district court's award of attorneys' fees for abuse of discretion." Carco Grp., Inc. v. Maconachy, 718 F.3d 72, 79 (2d Cir. 2013). "The deference exercised in an abuse of discretion review takes on special significance when reviewing fee decisions because the district court, which is intimately familiar with the nuances of the case, is in a far better position to make such decisions than is an appellate court, which must work from a cold record." Id. (quotation marks omitted). In particular, "trial courts may take into account

their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." Fox v. Vice, 563 U.S. 826, 838 (2011). Moreover, "an accepted Rule 68 offer of judgment is a contract, and it must be interpreted according to ordinary contract principles." Lilly v. City of New York, 934 F.3d 222, 235 (2d Cir. 2019). "Where a fee award turns on the interpretation of a contract, the District Court's determination, as with all contract interpretation, is subject to de novo review." Carco Grp., 718 F.3d at 79.

III.    Discussion

Upon de novo review, we conclude that the District Court properly interpreted the terms of the offer of judgment. And substantially for the reasons stated in the District Court's orders entered March 26, 2021 and October 15, 2021, we conclude that the award of attorneys' fees was reasonable and consistent with the offer of judgment and therefore not an abuse of discretion.

Urging a contrary conclusion on appeal, FCA primarily argues that the District Court erred by reducing counsel's hours on a percentage basis instead of segregating and then excluding non-compensable time from the fee application. In advancing this argument, FCA misreads the District Court's opinion, which calculated the percentage reduction by reviewing the time records and excluding

5

363.9 specific hours that either were not solely related to Tomassini's individual claim or involved unclear time records. See Spec. App'x 14-20 (listing the 74 time entries that the District Court found non-compensable). The District Court then divided the non-compensable time (363.9 hours) by the total hours billed (775.65 hours) to arrive at the 46 percent reduction. "[I]n light of the district court's superior understanding of the litigation," we find no abuse of discretion in the District Court's method of reducing counsel's fees. Fox, 563 U.S. at 838 (quotation marks omitted).

FCA also contends that the District Court should have considered whether the total award was reasonably proportional to Tomassini's relatively small individual recovery and the amount involved in the litigation. "[U]nder New York law the amount recovered in a lawsuit does not automatically serve as a ceiling on an award of contractual attorneys' fees." Carco Grp., 718 F.3d at 86. But New York courts will "rarely find reasonable an award to a plaintiff that exceeds the amount involved in the litigation." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1264 (2d Cir. 1987). In a summary order construing New York law, we have held that "attorney's fees awarded under [the fee-shifting provision] of GBL § 349 need not be proportional" in light of the

statute's purpose. <u>Barkley v. Olympia Mortg. Co.</u>, 557 F. App'x 22, 27 (2d Cir. 2014) (summary order); <u>see also</u> <u>Dunlap-McCuller v. Riese Org.</u>, 980 F.2d 153, 160 (2d Cir. 1992) ("[T]his Court has consistently rejected the notion that an award of attorneys' fees be proportional to the amount of damages recovered.").

We interpret this offer of judgment in light of the fee shifting provision of GBL § 349. Absent an explicit limit on attorneys' fees or a proportionality requirement, the District Court did not abuse its discretion when it determined that the fee was reasonable in light of the protracted nature of the litigation. <u>See</u> <u>Carco Grp.</u>, 718 F.3d at 86 ("[T]he touchstone for an award of attorneys' fees pursuant to a contract is reasonableness."); <u>Kassim v. City of Schenectady</u>, 415 F.3d 246, 252 (2d Cir. 2005) ("[A]n attorney is in part reacting to forces beyond the attorney's control, particularly the conduct of opposing counsel and of the court. . . . It is therefore difficult to generalize about the appropriate size of the fee in relation to the amount in controversy.").

We have considered FCA's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7